UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION et al., | : : | |
| Plaintiff, | : | |
| v. | : | 3:12-cv-230 (WWE) |
| | : | |
| RALPH ARCAMONE, JR., | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION ON MOTIONS TO DISMISS

Plaintiff Ralph Arcamone, pro se, has removed this state court foreclosure action to federal court. In his notice of removal, plaintiff also identifies various third parties, including several state court judges, attorneys and the law firm allegedly involved in the foreclosure action, Astoria Federal Savings & Loan Association, and Dovenmuehle Mortgage Co.

Now pending are motions to dismiss and remand for failure to remove properly, lack of subject matter jurisdiction, failure to state a claim and failure to serve third party defendants with legal process. For the following reason, this Court finds that it lacks subject matter jurisdiction over the matter.

### DISCUSSION

A pro se party is held to less stringent standards than formal pleadings drafted by lawyers. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Additionally, the Court must liberally construe the submissions and interpret them to raise the strongest arguments that they suggest. Diaz v. United States, 517 F.3d 608, 613 (2d Cir.2008). However, pro se status does not excuse a party from compliance

1

with the rules of procedural and substantive law.  <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir.1983).

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."  Federal courts have original subject matter jurisdiction over cases in which there is a federal question and cases between citizens of different states. <u>Kalamas v. Consumer Solutions Reo, LLC</u>, 2010 WL 4811894, *3 (E.D.N.Y. 2010).  A district court must remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447; <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 113 (2d Cir. 2003).  The burden to establish federal removal jurisdiction is on the party seeking removal, and the removal statutes are to be strictly construed.  <u>Lupo v. Human Affairs International</u>, 28 F.3d 269, 273 (2d Cir. 1994).

The Notice of Removal does not allege diversity jurisdiction, and therefore, federal jurisdiction must be premised on 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Upon review of the pleadings, the Court finds that this case involves a foreclosure action that raises only issues of state law.  The federal court has no jurisdiction over this matter because no federal question exists to give rise to removal to federal court.  Accordingly, the action was not properly removed to federal court.

Further, this Court's review of the matter is barred by the <u>Rooker-Feldman</u> doctrine, a jurisdictional bar to plaintiff challenging state court judgments in federal court.  See  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983).  The Rooker-Feldman doctrine bars federal courts from interfering with state court judgments outside of the habeas corpus context.  For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.  McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007).

 Here, Arcamone requests an injunction to prevent the subject property from being "stolen" from him, and he seeks an order to void the foreclosure orders.  He also seeks to prevent a related eviction proceeding.  Thus, Arcamone's challenge to a judgment of foreclosure issued by the state superior court satisfies the Rooker-Feldman factors, and the Court lacks subject matter jurisdiction to resolve plaintiff's request for relief.  See Saferstein v. Lawyers' Fund for Client Protection, 223 Fed. Appx. 39 (2d Cir. 2007); Gunn v. Ambac Assur. Corp., 2012 WL 2401649, *12 (S.D.N.Y. 2012) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine.").  Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisdiction.  Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, *3 n.6 (E.D.N.Y. 2009).

 Accordingly, Arcamone has failed to meet his burden of establishing the Court's subject matter jurisdiction over this action, and the Court will remand the action pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the motion to dismiss and remand is GRANTED [doc. #20]; the motion to dismiss [doc. #6] is GRANTED to the extent that the case is remanded to superior court; the motions for hearings and injunctive relief are MOOT [docs. #7, 18, 21, 24, 25].  The clerk is instructed to remand this case to state superior court.

Dated at Bridgeport, Connecticut, this 14th day of September, 2012.

_____/s/_____
Warren W. Eginton
Senior United States District Judge